**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4290**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BEARRIE HYLTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00292-TDS-1)

Submitted:  October 15, 2013          Decided:  October 22, 2013

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bearrie Hylton appeals the district court's judgment sentencing him to seventy months' imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(2) (2006). On appeal, Hylton argues that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In doing so, we first examine the sentence for significant procedural error, including improperly calculating the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) sentencing factors, choosing a sentence based on clearly erroneous facts, or failing to adequately explain the sentence. Id. at 51. We assess the substantive reasonableness of the sentence under the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

We conclude that Hylton's sentence, which was at the bottom of the properly calculated Sentencing Guidelines range, is not substantively unreasonable. The district court considered and rejected Hylton's arguments for a below-

2

Guidelines sentence. The court noted that Hylton's criminal history and lack of employment history weighed against him, finding that a within-Guidelines sentence was necessary to provide just punishment and protect the public. See 18 U.S.C. § 3553(a). Because the district court acted well within its considerable discretion in making this finding, we conclude that Hylton has not rebutted the presumption of reasonableness that attaches to a within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED